In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-2950

ALAN KRESS and RANDY CARR,

*Plaintiffs-Appellants*,

*v.*

CCA OF TENNESSEE, LLC, doing
business as CORRECTIONS CORPORATION
OF AMERICA, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:08-cv-00431-LJM-DML—**Larry J. McKinney,** *Judge.*

ARGUED JANUARY 10, 2012—DECIDED SEPTEMBER 14, 2012

Before BAUER, ROVNER, and SYKES, *Circuit Judges*.

BAUER, *Circuit Judge*. The plaintiffs-appellants, Alan
Kress and Randy Carr ("Appellants"), appeal an order
from the Indiana district court denying class certifica-
tion in part and an order granting summary judgment
in favor of appellees Corrections Corporation of
America, et al. ("CCA"), the owner and operator of the

Marion County Correctional Center ("the jail"), located in Indianapolis, Indiana. We affirm.

## I.  BACKGROUND

In 2008, Appellants were inmates at the jail, located in Indianapolis, Indiana. The jail was operated by CCA pursuant to a contract with the Marion County Sheriff's Department. According to Appellants, the jail provided inadequate medical care and exposed inmates to inhumane living conditions so egregious that they amounted to cruel and unusual punishment in violation of the Eighth Amendment. In April 2008, Appellants filed a complaint and a subsequent amended complaint against CCA seeking injunctive and declaratory relief under 28 U.S.C. §§ 2201-02 and Rule 57 of the Federal Rules of Civil Procedure. In June 2008, Appellants filed a motion for class certification, defining their class as "any and all persons currently, or who will be in the future, confined in the [jail] facility." In December 2010, the district court certified the class, naming Appellants as class representatives, but dismissed many of the claims filed in Appellants' complaint from class certification. The dismissed issues included Appellants' claim that the jail failed to provide adequate medical care, that the conditions of confinement inside the jail were inhumane, and that the procedures in the jail violated inmates' rights under the Health Insurance Portability and Accountability Act ("HIPAA"). Appellants filed a motion for reconsideration which was denied the following month. CCA moved for summary judgment on the re-

maining issues, and in April 2011 the district court granted their motion. Appellants also filed a motion to amend the judgment which was denied.

On appeal, Appellants seek review of the court's decision to deny class certification of their claim regarding CCA's reduction of daily pill calls for inmates from three per day to two per day, the court's order granting summary judgment in favor of CCA, and the district court's order denying Appellants' motion to amend the judgment.

## II. ANALYSIS

The issues on appeal require this Court to employ more than one standard of review. So, we first review the district court's decision regarding class certification for an abuse of discretion because "the law gives broad leeway to district courts in making [such] decisions." *Amchem Prods. v. Windsor*, 521 U.S. 591, 630 (1997). A district court abuses its discretion when it commits an error of law or makes a clearly erroneous finding of fact. *Christmas v. City of Chicago*, 682 F.3d 632, 638 (7th Cir. 2011). With respect to Appellants' appeal of the district court's grant of summary judgment, that decision is reviewed *de novo* and is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Outlaw v. Newkirk*, 259 F.3d 833, 836-37 (7th Cir. 2001); Fed. R. Civ. P. 56(c).

### A. Class Certification

In February 2008, CCA changed the jail's general pill call procedure by ordering a reduction in the number of daily rounds of medicine given to inmates; daily rounds were reduced from three per day to two per day. The jail's resident physician evaluated each inmate's medication program and exceptions were made; third rounds continued to be given to those inmates with unique medical needs. No exceptions were made for Appellants. Appellants claimed this was inadequate medical care, violating the rights of inmates under the Eighth and Fourteenth Amendments and the Indiana Administrative Code 210 § 3-1-11. Appellants included this issue in their motion for class certification pursuant to Federal Rule of Civil Procedure 23.

The Eighth Amendment "safeguards the prisoner against a lack of medical care that may result in pain and suffering which no one suggests would serve any penological purpose . . . [and] prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009)).

Regarding class certification, Rule 23(b)(a) states:

> [F]our threshold requirements applicable to all class actions: (1) numerosity (a class [so large] that joinder of all members is impracticable); (2) commonality (questions of law or fact common to the class); (3) typicality (named parties' claims or defenses are

typical . . . of the class); and (4) adequacy of representation (representatives will fairly and adequately
protect the interests of the class).

*Amchem*, 521 U.S. at 613. If the party certification fails
to meet any of these four requirements, class certification
is precluded. *Harriston v. Chi. Trib. Co.*, 992 F.2d 697,
703 (7th Cir. 1993) (citing *Valentino v. Howlett*, 528 F.2d 975,
978 (7th Cir. 1976)).

The district court denied class certification with
respect to the reduction based on a failure to satisfy
the typicality requirement. The court explained: "[c]laims
of inadequate medical care by their nature require individual determinations, as the level of medical care
required to comport with constitutional and statutory
standards will vary depending on each inmate's circumstances, such as preexisting medical conditions."

In response, Appellants rely on *Smentek v. Sheriff of
Cook County*, No. 09 C 529, 2010 U.S. Dist. LEXIS 122145
(N.D. Ill. Nov. 18, 2010). In *Smentek*, a putative class action
was brought on behalf of prisoners who were denied
adequate dental care, in violation of 42 U.S.C. § 1983, after
the number of dental staff were reduced at the jail.
*Smentek*, 2010 U.S. Dist. LEXIS 122145, at *1-2. In that case,
evidence was presented to show that *all* plaintiffs had
"experienced dental pain and significant delays in treatment, if [they were] treated at all." *Smentek*, 2010 U.S. Dist.
LEXIS 122145, at *2. Appellants highlight similarities
between *Smentek* and the instant case and argue that
because the court in *Smentek* certified the class, the court
below abused its discretion by not following suit. We

disagree. Though some similarities may exist between the two cases, the district court's decision in *Smentek* was based on fact-specific findings that differ from the instant case. In no way does the *Smentek* decision govern Appellants' case nor does it indicate an abuse of discretion on the part of the district court.

### B.  Summary Judgment

Appellants argue the district court improperly granted summary judgment denying their claims for injunctive relief. The district court ruled that they failed to present sufficient evidence to create a genuine issue of fact because Appellants could not establish the existence of current and ongoing constitutional violations at the jail.

According to Appellants, during their detention inside the jail, inmates were subjected to conditions of confinement that violated their constitutional rights. Appellants claimed: inmates arrived at the jail and were held anywhere from 6 to 18 hours without food or water in a 15' x 15' holding cell with 20-30 other inmates and one toilet without running water or a working sink; when moved from the initial holding cell, inmates were placed in a bigger room with 100-150 inmates for up to 6 to 8 days without beds and with only one toilet and sink while awaiting dorm assignments; 8' x 8' segregation cells that housed three inmates at one time; there was mold in shower and sink areas as well as in heating and air conditioning vents; there were gnats in the dorm and toilet areas, as well as around trash containers; and inmates were subject to medical intake sessions in which

they were forced to reveal personal medical histories in front of, or within earshot of, other inmates in violation of HIPAA.

In response, CCA presented an affidavit from 2011 in which the jail warden testified that measures had been taken to remedy the aforementioned problems in 2008 and 2009, after the Appellants had left the jail. Appellants do not dispute these remedial measures were taken.

As the district court properly stated, under § 1983, declaratory or injunctive relief is only proper if there is a continuing violation of federal law. *Green v. Mansour*, 474 U.S. 64, 73 (1985). "When there is no continuing violation of federal law, injunctive relief is not part of a federal court's remedial powers." *Al-Alamin v. Gramley*, 926 F.2d 680, 685 (7th Cir. 1991). Therefore, due to the lack of evidence of any ongoing constitutional violations, the district court had no choice. The grant of summary judgment was proper.

### C.  Appellants' Motion to Amend Judgment

After the district court's entry of summary judgment in favor of CCA, Appellants filed a motion to amend judgment; it was denied. On appeal, Appellants assert that the district court erred when it concluded that the Appellants failed to create a genuine issue of material fact as to whether the conditions of confinement rose to the level of a constitutional violation or that CCA acted with deliberate indifference. Appellants claim the district court improperly equated the law of pre-trial

detainees (which prohibits punishment) with that of prisoners (which prohibits cruel and unusual punishment). This argument is without merit. In its order, the district court stated "[a]lthough [it] remains unconvinced that the conditions in [the jail] are severe enough to constitute constitutional violations, even assuming that the conditions are severe enough[,] . . . the evidence before the court shows that defendants were not deliberately indifferent to the conditions." In a corresponding footnote, the district court simply noted that although prisoners are protected under the Eighth Amendment and pre-trial detainees are protected under the Due Process Clause of the Fourteenth Amendment, the same standard for identifying deliberate indifference applies; for such an analysis to be properly made, it would not matter whether the inmates in question were pre-trial detainees or prisoners. This comparison was by no means the basis on which the court denied injunctive relief and granted summary judgment, nor was it the basis for the court's denial of the motion to amend judgment.

## III. CONCLUSION

For the forgoing reasons, we AFFIRM the judgment of the district court.