NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 22, 2015[*]
Decided July 24, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 15-1044 | Appeal from the United States District Court |
| MIYKAEL MUHAMMAD, *Plaintiff-Appellant*, | for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 13 C 8227 |
| ANJANETTE JESSE, *et al.*, *Defendants-Appellees*. | Gary Feinerman, *Judge*. |

## O R D E R

Miykael Muhammad appeals the grant of summary judgment against him in this suit asserting constitutional violations in connection with the denial of a passport because of unpaid child support. We affirm.

Muhammad, a self-described "ecclesiastical minister," owes more than $13,000 in child support in Illinois. When a person is more than $2,500 in arrears in child support, states are required to notify the U.S. Department of Health and Human Services. *See*

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

42 U.S.C. § 654(31). That information then must be transmitted to the U.S. Department of State, *see id*. § 652(k)(1), which must deny a passport to anyone who has been reported for such an arrearage, *see id*. § 652(k)(2); 22 C.F.R. § 51.60(a)(2). The Illinois Department of Healthcare and Family Services duly reported Muhammad for his substantial arrearage. His passport application was then denied, which he says prevented him from traveling to "the East" to spread "the message of God Allah Jahovah."

Muhammad sued the Illinois agency, two of its employees, and the former governor of Illinois, demanding that his passport be issued and contending that the defendants had violated his rights to due process, to travel, and to free exercise of his religion. Muhammad also maintained that his Native American identity deprived Illinois of jurisdiction over his child-support dispute, that his Chapter 7 bankruptcy proceeding had discharged his child-support obligation, and that the debt of "Michael Gardner"—the name Muhammad says he is forced under "involuntary servitude" to use for "business"—should not affect the passport application of "Miykael Muhammad."

The district court granted the defendants' motion for summary judgment. The court construed this suit as an action under 42 U.S.C. § 1983 and explained that a state agency may not be sued under § 1983 and that injunctive relief was not available against the state officials, who were sued in their individual capacities. And to the extent that Muhammad suggested that he did not owe child support, the court determined that (1) he had presented no evidence to show that Illinois lacked jurisdiction over the child-support dispute; (2) his child-support debt could not have been discharged in his bankruptcy proceeding; and (3) he could not "shed his child support obligations simply by shedding his name."

On appeal Muhammad repeats the same arguments that he presented to the district court. But the district court properly noted that the Illinois Department of Healthcare and Family Services and its employees acting in their official capacities are not "persons" subject to liability under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). Although Muhammad now says that he seeks injunctive relief against the state defendants in their official capacities to prevent an ongoing violation of federal law, *see Ex parte Young*, 209 U.S. 123, 159–60 (1908), here the state officials *followed*, not violated, the federal reporting requirements, and injunctive relief is thus unavailable, *see Green v. Mansour*, 474 U.S. 64, 73 (1985); *Kress v. CCA of Tenn., LLC*, 694 F.3d 890, 894 (7th Cir. 2012). To the extent that Muhammad challenges his passport eligibility being tied to child-support debt, Congress has substantial authority to regulate the grounds on which passports

may be approved or denied, *see Zivotofsky ex rel. Zivotofsky v. Kerry*, 135 S. Ct. 2076, 2096 (2015); *Kent v. Dulles*, 357 U.S. 116, 129 (1958), and Muhammad has given us no reason to question Congress's exercise of that authority here. We have considered his remaining contentions and conclude that none has merit.

This is just one of many frivolous lawsuits Muhammad has filed in federal court. *See, e.g.*, *Muhammad v. McPherson*, No. 13-9308 (N.D. Ill. Feb. 25, 2014); *Gardner v. Kirk*, No. 13-5371 (N.D. Ill. Nov. 20, 2013); *Gardner v. City of Chicago*, No. 13-5374 (N.D. Ill. July 31, 2013). Muhammad is hereby ordered to show cause why he should not be sanctioned for pursuing this frivolous appeal. *See* FED. R. APP. P. 38. His response is due within 30 days from the date of this decision.

AFFIRMED.