In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-1718

JAMES FENDON,

*Plaintiff-Appellant,*

*v.*

BANK OF AMERICA, N.A.,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 16 C 3531 — **Rebecca R. Pallmeyer**, *Judge.*

ARGUED DECEMBER 6, 2017 — DECIDED DECEMBER 12, 2017

Before WOOD, *Chief Judge*, and EASTERBROOK and
HAMILTON, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. In 2007 James Fendon bor-
rowed money from Bank of America; the loan was secured
by a mortgage on his home. A borrower may rescind such a
transaction for any reason within three days and for some
reasons within three years. See 15 U.S.C. §1635 (part of the
Truth in Lending Act); *Jesinoski v. Countrywide Home Loans,*

*Inc.*, 135 S. Ct. 790 (2015). Fendon alleges that he notified the Bank on August 15, 2008; April 16, 2009; and June 17, 2010, that he was rescinding the loan, and that the Bank ignored the first two notices and rejected the third. In 2011 the Bank filed a foreclosure action in state court, and on March 23, 2016, a state court entered a final judgment confirming the foreclosure sale. That same day Fendon filed this suit under the Act seeking rescission and any other available relief.

By the time Fendon began this suit it was too late to unwind the transaction, because the property securing the loan had been sold. Federal district courts lack authority to revise the judgments of state courts. See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Fendon asked the district court to declare that the state court's decision was erroneous, but that would have been an advisory opinion—a legal declaration that could not affect anyone's rights. Still, there remains the possibility of relief that takes as a given the judgment in the state litigation, which would not be problematic under the *Rooker-Feldman* doctrine. It might be problematic as a matter of issue or claim preclusion, see *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293 (2005), but the Bank has not invoked that affirmative defense.

Instead it relies on a different affirmative defense: the statute of limitations. The Bank maintains, and the district judge held, that the suit is untimely under 15 U.S.C. §1640. See 2017 U.S. Dist. LEXIS 33236 at *11–13 (N.D. Ill. Mar. 8, 2017). Section 1640(a)(1) authorizes awards of damages for violations of the Act, including §1635. The first sentence of §1640(e) then sets a one-year period of limitations for any claim under §1640 as a whole. The second and later sentenc-

es of §1640(e) provide some exceptions, but none of those applies.

Fendon insists that no statutory time limit applies to claims for rescission. He notes, as the Supreme Court held in *Jesinoski*, that §1635(f) gives a borrower three years to notify the creditor of an election to rescind when the creditor failed to provide information required by the Act. Fendon's notices all came within three years of the date he signed the note and mortgage. Section 1635 does not specify a time limit for suit if the creditor fails to acknowledge or implement a proper rescission. This means, Fendon tells us, that there is no federal statute of limitations for claims based on §1635. Yet §1640 expressly provides otherwise for damages actions. Section 1640(a) authorizes money damages for violations of §1635, and §1640(e) sets a one-year period of limitations for suits under §1640(a).

If Fendon had filed suit before 2011, when the foreclosure action started, he might have had a strong argument that rescission may be enforced at any time, subject only to the doctrine of laches that governs equitable actions in the absence of a statutory time limit. Tied as it is to §1640(a), the one-year limit in §1640(e) would not have applied. But Fendon did not do this. After the Bank ignored his notices of rescission, he ignored the Bank—he did not sue, and neither did he pay. By 2016, when he finally got around to filing suit, the only possible relief was damages. (When asked at oral argument what relief *other* than damages might be permissible, given the state court's conclusive judgment of foreclosure, Fendon's lawyer did not have any suggestions.) And by 2016 it was far too late to seek damages, given §1640(e). (Because §1640(e) applies, we need not consider whether 28 U.S.C.

§1658(a) would apply when the Truth in Lending Act itself does not provide a time limit, or whether a state period of limitations should be borrowed.)

Fendon sent his first notice of rescission on August 15, 2008. A creditor has 20 days to act on such a notice. 15 U.S.C. §1635(b); 12 C.F.R. §226.23(d). So by September 4, 2008, after the Bank ignored the notice, Fendon had suffered a legal wrong (if he was indeed entitled to rescind) and could have sued. Under federal law a claim accrues as soon as a person knows that he has been injured and thus possesses a "complete and present" right of action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *United States v. Kubrick*, 444 U.S. 111 (1979). Fendon asserts that the later notices, and sporadic communications to and from the Bank, extend the time for suit. Yet negotiations, requests for reconsideration, and new demands for action do not affect the time to sue on a claim that has already accrued. See, e.g., *Chardon v. Fumero Soto*, 462 U.S. 650 (1983); *Delaware State College v. Ricks*, 449 U.S. 250 (1980); *Lever v. Northwestern University*, 979 F.2d 552 (7th Cir. 1992). The Bank did not say or do anything during the years after September 2008 that establishes either equitable tolling or equitable estoppel. It follows that Fendon's claim for damages had expired more than six years before he filed this suit, which was properly dismissed.

AFFIRMED