**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2021[*]
Decided May 7, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-1994

| | |
|---|---|
| ALAN KREILEIN,<br>　*Plaintiff-Appellant*,<br><br>　　　　*v.*<br><br>GWENDOLYN M. HORTH and<br>ROBERT E. CARTER, JR.,<br>　*Defendants-Appellees*. | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.<br><br>No. 1:17-cv-03357-JPH-MPB<br><br>James Patrick Hanlon,<br>*Judge*. |

**O R D E R**

Alan Kreilein, a state prisoner, seeks to stop Indiana officials from labeling him a "sexually violent predator" and "offender against children." He argues that they violated his federal and state constitutional rights by previously requiring him to register as a sex offender with those designations. The district court entered summary judgment for the officials on the federal claims and relinquished supplemental

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

jurisdiction over the state-law claim. On appeal, Kreilein contests that decision and some earlier rulings that narrowed his complaint. We affirm the judgment.

Kreilein pleaded guilty to criminal deviate conduct (Indiana's former sexual assault statute) against his 35-year-old girlfriend in 2004. IND. CODE § 35-42-4-2 (2004). In anticipation of his release on parole in 2015, the Indiana Department of Correction served Kreilein with a Notice of Intent to Provide Information to Sex and Violent Offender Registry and Right to Appeal, which he signed. The notice informed him that, based on his offense, he was required to register as a sex offender, specifically as a "sexually violent predator," *id.* § 35-38-1-7.5(b)(1)(B), and an "offender against children," *id.* § 35-42-4-11(a)(1). Kreilein appealed to the Department of Correction but lost—although the officials now concede that he was mislabeled an offender against children because § 35-42-4-11(a)(1) does not apply to offenses committed before 2006. His parole began on June 1, 2015.

A year later, the Indiana Parole Board revoked Kreilein's release for various rule violations, to which he pleaded guilty. The Board has since denied parole twice; his sentence expires in 2025. Because Kreilein is reincarcerated, he is no longer listed on Indiana's sex-offender registry (as a sexually violent predator or otherwise).

Kreilein sued the Commissioner of the Indiana Department of Correction and the Chair and members of the Indiana Parole Board. He alleged that they violated the Due Process Clause of the federal Constitution and the Ex Post Facto Clauses of the federal and Indiana Constitutions by labeling him a sexually violent predator and an offender against children. *See* 42 U.S.C. § 1983. Specifically, he complained that no psychologist had diagnosed him as violent, that he had never offended against a child, and that he had pleaded guilty to sexual assault without knowing the registration requirements. He further asserted that the registration laws that did not mention his offense at the time he committed it could not be lawfully applied to him. The district court screened the complaint, *see* 28 U.S.C. § 1915A, and allowed him to proceed against the Commissioner and Chair in their official capacities for injunctive relief only. *See generally Ex parte Young*, 209 U.S. 123 (1908).

Kreilein then moved for leave to amend his complaint to sue the officials in their individual capacities, which the court denied. Six months after the deadline to amend his complaint had passed, he also asked to sue his former parole officers (two of whom he had already tried to sue in their capacity as Board members) to allege that his parole conditions violated numerous constitutional rights, including his right of access to the

courts, and that his guilty plea to the parole violations had been induced with a promise to reinstate his parole. Because he did not show good cause for his delay in raising these allegations, the court denied his motion as untimely.

The court ultimately entered summary judgment in favor of the defendants on the federal due-process claims. It reasoned that Kreilein had received all the process he was due in connection with the sex-offender registry. The registration requirement applied by operation of law based on the statute of conviction, and the conviction was obtained through criminal process culminating in his conviction by guilty plea. Further, he had the opportunity to contest his parole conditions at his hearing and in an appeal to the Department of Corrections. His substantive due process claim, the court concluded, also failed; the registry's restrictions did not implicate any fundamental right, and the restrictions were rationally related to protecting the public. The court then declined to exercise supplemental jurisdiction over the ex-post-facto claim under the Indiana Constitution and dismissed it without prejudice. (The court had previously dismissed the parallel federal claim because the challenged law was a civil regulation, not a penal statute.)

On appeal, Kreilein continues to seek damages for being labeled a sex offender as well as an injunction against any future registration. He cannot bring a claim for damages under § 1983 against these defendants, however. A suit against an officer of a state agency in his official capacity is effectively a suit against the state, and the state is not a "person" subject to liability under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). That precludes the official-capacity federal claims against the Commissioner and the Chair of the Parole Board. Further, Kreilein cannot sue them in their individual capacities for damages because he did not allege that they were personally involved in any due-process violations. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) (must be "personally responsible" under § 1983). Finally, because Board members have absolute immunity in connection with the decisions at issue here, the court properly dismissed them from the suit as well. *See Tobey v. Chibucos*, 890 F.3d 634, 650 (7th Cir. 2018) (citing cases).

Kreilein also cannot proceed on a claim for injunctive relief. Although the *Ex parte Young* doctrine provides an exception to Eleventh Amendment immunity in a suit seeking prospective injunctive relief against state officials, relief may be had only for an "ongoing violation of federal law." *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002). Kreilein is not currently subject to any registration requirement;

therefore we have no ongoing conduct to enjoin. His projected release date is in 2025, and he will not have to register until 72 hours after he is paroled, or his sentence expires. *See*, *e.g.*, IND. CODE § 11-8-8-7(h). And even if we assumed for the sake of argument that Kreilein's due process rights were violated in connection with his prior registrations, the possibility that it could happen again does not create a continuing violation that can be enjoined. *See*, *e.g.*, *Kress v. CCA of Tenn.*, *LLC*, 694 F.3d 890, 893–944 (7th Cir. 2012) (no continuing violation because warden took remedial measures to cure alleged prison conditions); *Sonnleitner v. York*, 304 F.3d 704, 718–19 (7th Cir. 2002) (claim of demotion without due process was a past—not ongoing—violation).

Indeed, it is not only the contours of a claim under *Ex parte Young* that blocks Kreilein from obtaining injunctive relief based on a past violation; he also cannot satisfy the Article III standing requirements. *See Doe v. Purdue Univ.*, 928 F.3d 652, 666 (7th Cir. 2019). To have standing to seek injunctive relief, Kreilein must show a "real and immediate threat" of future violations. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). Although Kreilein anticipates, rightfully, that he will have to register as a sex offender in the future, he has a due process right in not being "erroneously" mislabeled—not in avoiding registration based on a predicate conviction. *See Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 7 (2003); *Schepers v. Comm'r*, 691 F.3d 909, 914 (7th Cir. 2012). And he can only speculate, based on the past misclassification as an offender against children, that he would again receive an incorrect designation. That is not definite enough to support an injunction. *See Lyons*, 461 U.S. at 102; *Mueller v. Raemisch*, 740 F.3d 1128, 1132–33 (7th Cir. 2014) (standing to challenge only the provisions of Wisconsin's sex-offender registry that currently threatened them).

Kreilein also challenges the district court's refusal to let him amend his complaint to add claims that parole officers imposed unconstitutional parole conditions and forced him to plead guilty at his parole-revocation hearing. The court acted well within its discretion, however, because Kreilein offered no good cause for waiting 6 months after the court's deadline (and more than 18 months after his initial complaint) to request this amendment on the eve of the summary-judgment deadline. *See Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016); *Arrigo v. Link*, 836 F.3d 787, 797 (7th Cir. 2016) (reasonably denied motion for leave to amend four months after the deadline). Kreilein now says that he asked to amend as soon as he learned about the new violations. This assertion is dubious, as the proposed amendment pertained to his parole two years before the original complaint. *See Access Living of Metro. Chicago v. Uber Tech., Inc.*, 958 F.3d 604, 616 (7th Cir. 2020) (reasonable to deny new claims when circumstances had not changed two years later). In any case, he raises this argument for the first time

on appeal, and it is waived. *See Tyburski v. City of Chicago*, 964 F.3d 590, 600 (7th Cir. 2020).

Finally, Kreilein asks us—both in his briefs and in a separate motion on appeal— to review his claim that applying the registration statute to him violates the Ex Post Facto clause of the Indiana Constitution. But the district court appropriately relinquished supplemental jurisdiction over the state-law claim once it disposed of all the federal claims. *See* 28 U.S.C. § 1367(c)(3); *Bell v. City of Country Club Hills*, 841 F.3d 713, 718 (7th Cir. 2016). We cannot offer advice on a legal issue that is not part of the controversy before us. *See Fendon v. Bank of Am., N.A.*, 877 F.3d 714, 716 (7th Cir. 2017).

For these reasons, we DENY the motion "to rule sua sponte on relevant issues" and AFFIRM the judgment.